USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                  :

UNITED STATES OF AMERICA,       :

                                                                  :

         -against-                         :                   1:10-cr-00464-GHW

PLAURENT CELA,                           :                     ORDER

                          Defendant.  :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On February 3, 2022, counsel for Plaurent Cela submitted a motion to modify the judgment entered in his case. Dkt. No. 556. The motion is denied without prejudice because it is inadequate in several regards.

      First, the application does not contain a memorandum of law, or, indeed, any statement regarding the legal basis for the proposed relief. Counsel is directed to submit a memorandum of law with supporting authority for the requested relief. The Court expects that the submission will provide the Court sufficient information to evaluate the factual and legal basis for the request. To the extent that the application is made pursuant to Federal Rule of Criminal Procedure 35(a), counsel may wish to address the time limitation for such motions included in the rule. To the extent that the application is made under Rule 36, support should be provided for the Court to conclude that the issue raised by counsel should be evaluated under that rule. The Court expects that the memorandum of law will provide additional detail regarding the procedural history of the case, and, in particular, whether either of the offenses of conviction bore a mandatory minimum term of supervised release at the time of sentencing.

      Second, the application is not supported by an affidavit presenting all of the relevant facts

for the Court's consideration. Instead, it appears that certain of the facts that the defendant asks the Court to consider are embedded in the text of the proposed order. *See, e.g.*, Dkt. No. 556-1 at 2 ("Defendant served his full sentence and was released from prison in September of 2019 when he began his term of supervised release. His is living with his parents in Staten Island, employed full-time and complying with the terms of his supervised release."). Counsel should not expect that the Court will include findings of fact in an order that are not supported by record evidence.

Third, the form of proposed order is deficient. As noted above, it contains proposed findings of fact not supported by sworn evidence. Moreover, it includes language clearly not appropriate for the Court: for example, the Court is asked to voice the defendant's request for relief on his behalf. *Id.* ("We respectfully request that Your Honor so Order the correction of the Defendant's Judgment and Commitment entered on January 5, 2012 . . . .").

Any renewed application should be supported by a memorandum of law and an affidavit attesting to all of the facts that the defendant wishes for the Court to consider.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 556.

SO ORDERED.

Dated: January 4, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge